38 F.3d 609
 309 U.S.App.D.C. 34
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Billie Austin BRYANT, Appellant.
 No. 93-3090.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 21, 1994.
 
 Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed March 19, 1993, be affirmed substantially for the reasons stated by the district court in its Memorandum filed March 22, 1993. With respect to appellant's assertion that he was entitled to a hearing on certain claims raised in his section 2255 motion, because "the motions and files and records in the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. Sec. 2255, the district court properly disposed of appellant's claims without a hearing.
 
 
 3
 In addition, there is no merit to appellant's assertion that the district court improperly failed to consider the transcripts when ruling on appellant's claim that he was denied counsel. It is evident from the district court's opinion that it fully considered appellant's claim and, in fact, cited the relevant transcripts in support of its ruling. There is also no merit to appellant's contention that the district court erred in failing to rule on his claim that the prosecution knowingly used perjured testimony concerning the introduction into evidence of the weapons used in the crime, because appellant never raised this specific argument in his section 2255 motion.
 
 
 4
 Appellant also asserts that the district court erred in failing to rule on his motion for appointment of counsel. Assuming appellant's motion was available to the district court (the original district court file for this case having been lost), the district court's failure to rule on the motion was harmless. The district court properly determined that there was no merit to appellant's section 2255 motion. Hence, there was no need for a hearing, and it would have been within the district court's discretion to deny the motion for appointment of counsel. Cf. Rules Governing Section 2255 Proceedings, Rule 8(c) (court must appoint counsel only when an evidentiary hearing is required).
 
 
 5
 Finally, appellant's complaints about the district court's delay in ruling on his motions were properly the subject of his petition for writ of mandamus, which this court dismissed as moot once he received the relief he sought.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.